■ In the Matter of HILLDALE ESTATES, INC., Appellant, v. WILLIAM D. SPAIN et al., Constituting the Planning Board of the Town of Carmel, Respondents.— In a proceeding pursuant to article 78 of the CPLR to review respondents' denial of petitioner's application for approval of its proposed land subdivision map, petitioner appeals from a judgment of the Supreme Court, Putnam County, dated June 1, 1970, which denied the petition. Judgment reversed, on the law, without costs; petition granted; respondents' determination annulled; and respondents directed to approve petitioner's subdivision map as submitted to respondents. In our view, respondents' determination was contrary to law and unreasonable. On January 5, 1966, respondents gave preliminary approval to petitioner's map. Subsequently, respondents granted a total of four

six-month extensions within which petitioner would be permitted to seek final approval, thus extending the preliminary approval to July, 1968. Prior to the expiration of the last extension, petitioner had complied with the conditions imposed and had secured the required approval of the health and water authorities. Petitioner was denied final approval of the subdivision plat on the grounds that due diligence was not exercised by petitioner in seeking final approval of the plat. In our view, respondents cannot claim that petitioner failed to apply with due diligence when, in fact, petitioner sought final approval and complied with the conditions imposed during the extended period of time which respondents themselves granted to petitioner. To hold otherwise would render meaningless respondents' issuance of the last six-month extension. Moreover, the record does not support respondents' finding of lack of due diligence and, consequently, we find the determination to be arbitrary and unreasonable. Rabin, P. J., Hopkins, Christ, Brennan and Benjamin, JJ., concur.